Gil A. SANCHEZ, Plaintiff–Counter–Defendant–Appellant,

v.

LOCAL 32–BJ–SEIU, Perry Heidecker, John Digiovani, Steven Donofrio, Carl Ranaldi, Brian Lambert, Chris Dankert, and Brendan Egan, Defendants–Counter–Claimants–Appellees,

Rob FLORES, Frank Lacastro, New York University College of Denistry, Harvard Maintenance, Inc., and Arthur J. Flanagan, Defendants–Appellees.

No. 03–7405.

United States Court of Appeals, Second Circuit.

April 8, 2004.

Gil A. Sanchez, Bronx, NY, for Plaintiff–Counter–Defendant–Appellant, pro se.

Ira A. Sturm, Raab, Sturm & Goldman, LLP, New York, NY, Attorney for Local 32–BJ–SEIU, Carl Ranaldi, Brian Lambert, Chris Dankert, and Brendan Egan., Perry S. Heidecker, Millman & Heidecker, Lake Success, N.Y. (Joseph M. Labuda, on the brief), for Perry Heidecker, John DiGiovanni, Carl Ranaldi, Frank LaCastro, New York University College of Dentistry, and Harvard Maintenance, Inc, for Defendants–Counter–Claimants–Appellees.

Present: JACOBS, B.D. PARKER, Jr., Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Gil A. Sanchez, *pro se,* appeals from the district court (Daniels, *J.*) judgment dismissing a variety of constitutional and statutory claims made by Sanchez against Defendants–Appellants under federal law and New York state law. Sanchez's claims arose from his termination as a maintenance worker at the New York University College of Dentistry, where he was employed by Harvard Maintenance, Inc.

The magistrate judge described Sanchez's legal claims as appearing to rely on statutes and legal doctrines that were "inapplicable" to the facts of his case. *Sanchez v. Dankert,* 00 Civ. 1143, 2002 WL 529503, 2002 U.S. Dist. LEXIS 3660 at *4, *41 (S.D.N.Y. February 22, 2002). Construing the complaint in the light most favorable to Sanchez as a *pro se* litigant, the magistrate judge considered that two elements of his complaint might allege claims of race discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.,* and retaliatory discharge in violation of New York labor law. *Id.* at *41. The magistrate judge recommended Sanchez be granted leave to replead these two claims and cure a variety of pleading defects in his initial complaint. *Id.* at *41–*42.

Sanchez submitted an amended complaint to the district court. In an Order dated July 19, 2002, the district court ruled that Sanchez failed to cure the pleading defects of his first complaint. The court adopted the magistrate judge's Report and Recommendation, dismissed the amended complaint, and granted summary judgment to Defendants–Appellants. A subsequent motion for reconsideration was filed by Sanchez and denied by the district court. *Sanchez v. Dankert,* 00 Civ. 1143, 2003 WL 1878417, 2003 U.S. Dist. LEXIS 6168 at *7 (S.D.N.Y. April 14, 2003).

For the reasons stated in the magistrate judge's Report and Recommendation and in the district court's July 19, 2002 Order,

* The Honorable Frederic Block, Judge, United States District Court for the Eastern District of New York, sitting by designation.

the judgment of the district court is hereby **AFFIRMED.**

We have examined Sanchez's remaining claims and find them unpersuasive. All pending motions are denied as moot.